FILED

UNITED STATES DISTRICT COURT
DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2012 MAR 12 P 2:58

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| TAMELA DASHIELL, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, Plaintiff<br><br>v.<br><br>VAN RU CREDIT CORPORATION.<br>Defendant | CASE NUMBER: 1:12cv273 AJT/TRJ<br><br>CLASS ACTION COMPLAINT<br><br>TRIAL BY JURY DEMANDED<br><br>March 12, 2012 |

## I. INTRODUCTION

1. Tamela Dashiell brings this suit on behalf of herself and all those similarly situated against Van Ru Credit Corporation, a debt collector, on account of its misrepresentation of and non-compliance with federal student loan rehabilitation law as described more fully below in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*, ("FDCPA").

## II. PARTIES

2. Tamela Dashiell is a natural person residing in Woodbridge, Virginia.

3. The defendant Van Ru Credit Corporation ("Van Ru") is an Illinois Corporation headquartered in Des Plaines, Illinois and is engaged in the collection of consumer debts. The Defendant uses instrumentalities of interstate commerce in the collection of debts. It regularly collects debts from consumers located across the Commonwealth of Virginia. At all times relevant hereto, Defendant was a "debt collector" as that term is defined by the FDCPA.

## III. JURISDICTION

4. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

5. This Court has jurisdiction over the defendant and venue in this Court is proper, because the acts complained of occurred in this state and because the Plaintiff and the Class Members are residents of Virginia.

## IV. FACTUAL ALLEGATIONS

6. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).

7. The Plaintiff was a debtor with federal student loans that were placed into default status.

8. The Plaintiff's federal student loans were "debts" as that term is defined by the FDCPA.

9. The loan was assigned to Van Ru for collection purposes.

10. Van Ru contacted Plaintiff and Class Members and offered them an opportunity to enter rehabilitation to cure the default status of their federal student loans.

11. Van Ru sent letters to the Plaintiff and Class Members concerning the loan rehabilitation program that described the terms of the program (the "Letter").

12. The letter, when describing the requirements for rehabilitation, stated, "Loan Rehabilitation is a unique opportunity for you to have your defaulted student loan(s) deleted from your Credit Bureau Report. You will have to qualify for this program by making consecutive payments to show good faith on the defaulted loan(s) currently with the Department.

13. The letter further described the requirements for rehabilitation as requiring the consumer to "Qualify in 9 consecutive, on-time monthly payments."

14. Contrary to the statement in the Letter, Federal law does not require that nine consecutive payments be made for a loan to be rehabilitated. Specifically, 20 U.S.C. § 1078-6

provides that nine payments must be made within ten months. Additionally, only nine payments within ten months must be made under 34 C.F.R. § 685.212(f) with respect to William D. Ford Federal Direct Loan Program ("direct loans") loans and 34 C.F.R. § 682.405(b)(1)(ii) with respect to Federal Family Education Loan Program ("FFEL") loans.

15. The debt that Defendant sought to collect from Plaintiff was originally incurred for personal, family, or household purposes.

## V. CLASS ALLEGATIONS

16. Paragraphs 1 through 15 are herein incorporated.

17. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this action for themselves and on behalf of a class initially defined as follows:

> All natural persons who are residents of Virginia who are similarly situated to the Plaintiff in that, within one year of the commencement of this action and continuing to the date that an order is entered certifying this class, Van Ru sent them a letter as described in paragraphs 11 through 13, a sample of which is attached as Exhibit A.

18. The proposed Class is so numerous that joinder of all members would be impracticable. Plaintiff does not know the size of the class, although this information is known by the defendant and is readily ascertainable in discovery. Based upon information readily available concerning the defendant, the size of its operation, and its specialization in the collection of student loans, Plaintiff estimates and accordingly alleges that there are hundreds and, in all probability, thousands of individuals in the class.

19. There is a community of interest among the members of the proposed Class in that there are questions of law and fact common to the proposed Class that predominate over questions affecting only individual members.

20. Plaintiff's claims are typical of those of the Class that she seeks to represent. In addition, Plaintiffs are entitled to relief under the same causes of action as the other members of the putative class.

21. Plaintiff is represented by counsel competent and experienced in both consumer protection specific to student loans, and class action litigation, and she has no conflicts with the members of the Class.

22. The common questions of law and fact predominate over any individual questions, in that the letters are form letters, and any individual questions are subordinate to the common questions of whether Van Ru violated the FDCPA by misrepresenting the class members' rehabilitation rights.

23. A class action is superior to other methods for the fair and efficient adjudication of the controversy. Because the damages suffered by individual class members are relatively small compared to the expense and burden of litigation, it would be impractical and economically unfeasible for class members to seek redress individually. The prosecution of separate actions by the individual class members, even if possible or likely, would create a risk of inconsistent or varying adjudications with respect to the claims asserted by individual class members and could create incompatible standards of conduct for the defendants. Moreover, because most class members are unaware of the right to make nine payments within ten months to qualify for rehabilitation, they are unlikely to bring an independent action, and a class a ction is the only way that these violations can be rectified.

24. Injunctive relief is appropriate for the Class, pursuant to Fed. R. Civ. P. 23(b)(2). Class certification is appropriate because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiffs and the Class members.

## VI. CLAIMS FOR RELIEF
### FIRST CAUSE OF ACTION –
### Claims for Violations of 15 U.S.C. §§ 1692 *et seq.*

25. Paragraphs 1 through 24 are herein incorporated.

26. Pursuant to 20 U.S.C. § 1078-6(a)(1), 34 C.F.R. § 685.212(f), and 34 C.F.R. § 682.405(b)(1)(ii), rehabilitation must allow for the required nine payments to be made within a ten month period.

27. Van Ru violated the FDCPA by falsely representing the law governing the amount of time in which the required nine payments for rehabilitation were to be made. Van Ru's violations include, but are not limited to, the following:

   A. It falsely represented the time in which payment could be received to qualify for rehabilitation, in violation of 15 U.S.C. § 1692e(10).

   B. It falsely represented the character, amount or legal status of the debts, in violation of 15 U.S.C. § 1692e(2)(a).

   C. It collected amounts that were not permitted by law in violation of 15 U.S.C. § 1692f(1).

28. Pursuant to 15 U.S.C. § 1692k, Van Ru is liable to the Plaintiff and the Class Members to whom it sent the letter.

WHEREFORE, the Plaintiff seeks on behalf of himself and the class members, class

reasonable attorney's fee, and costs, and such other relief the Court deems appropriate..

**PLAINTIFF DEMANDS A TRIAL BY JURY**

PLAINTIFF, **TAMELA DASHIELL**,
Individually And On Behalf Of The Class,

_____

Thomas R. Breeden, VSB # 33410
Thomas R. Breeden, P.C.
10326 Lomond Drive
Manassas, Virginia 20109
Tel (703) 361-9277, facsimile (703) 257-2259
trb@tbreedenlaw.com

Joshua R.I. Cohen, Fed Bar No. ct27939
jcohen@TheStudentLoanLawyer.com
Law Office of Joshua RI Cohen, LLC
35 Cold Spring Road, Suite 514
Rocky Hill, CT 06067
Tel (860) 233-0338 Fax (860) 233-0339
Pro Hac Vice to be filed

Brian L. Bromberg, Fed Bar No. ct26967
brian@brianbromberglawoffice.com
Bromberg Law Office, PC
40 Exchange Place, Suite 2010
New York, NY 10005
Tel (212) 248-7906 Fax (212) 248-7908
Pro Hac Vice to be filed